(No. 36470.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM R. OSWALD, Plaintiff in Error.

*Opinion filed February 1, 1963.*

Norman L. Olson, Jr., of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Rudolph L. Janega and M. Robert Ostrow, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

This writ of error is prosecuted by William R. Oswald, defendant, who was convicted of burglary after a jury

trial in the criminal court of Cook County and sentenced to the penitentiary for a term of three to six years. As grounds for reversal he contends that his guilt was not proved beyond a reasonable doubt and that a certain exhibit was improperly admitted into evidence.

About 8:00 A.M. on the morning of November 27, 1960, Joseph Skaletzky, a nearby resident, observed from across a 30-foot street as a man backed out through a broken plate glass window at the Lakeside Food Shop in Chicago. The witness could see that the man had blond hair, that he was wearing tan trousers and a tan trench coat, and that he was carrying a box-like object with a handle, which later proved to be a television set. When the man disappeared down a passageway adjacent to the store, Skaletzky went around the corner where he located a squad car and gave the officers a description of the intruder which was radioed to other police cars in the area. Minutes later, a short distance from the store, defendant was arrested by two officers who noted that his clothing and appearance matched those of the man Skaletzky had seen. A search of his person produced a bottle of whiskey, which defendant claimed to have purchased, and, later on, the store owner identified the bottle as one from his stock on the basis of a distinctive price marking on the cap. Skaletzky, who was brought to the scene of the arrest, identified defendant as the man he had seen leaving the store.

When questioned about the television set, also subsequently identified by the store owner, defendant told the arresting officers he had seen two men carrying a television set down an alley and that he had watched as they placed it in a shed at the rear of the 800 block of West Leland Street. Upon going to the shed, which was but 300 to 400 feet from the store where the burglary occurred, the officers found the set concealed under some papers. Defendant was then taken to a police station and, according to the testimony of a detective on duty there, first denied but

eventually admitted that he had taken the whiskey and the set from the store. According to another officer, however, defendant said that he had seen two men break into the store, that he had watched them remove and hide the television set, and that he had picked up the bottle of whiskey in the street.

At the trial defendant denied his guilt and also denied that he had ever made the admission attributed to him by the detective. He testified that he had been walking in the area, en route to visit a friend, when he heard glass breaking and that, while he watched, a man dressed similar to himself backed out of the store carrying a television set. This man, he related, was joined by two other men and all three men ran around the side of the building. Defendant said he went into the alley and saw one of the men throw a bottle of whiskey under a parked car, which defendant retrieved, and that he further saw the men carry the television set into a shed. He said he opened the door of the shed and looked around, but didn't enter for fear he would be attacked, then walked to Leland Street where he was arrested.

To sustain the contention that the evidence does not establish his guilt byond a reasonable doubt, defendant first urges that the identification by Skaletzky was not reliable, plausible or definite. Specifically, it is insisted that the testimony of the witness leaves room for reasonable doubt because he did not see the face of the burglar, because his identification was based upon clothing alone, because he saw the burglar for only a brief period, because his original estimate of the burglar's height was some four inches less than defendant's actual height, and because defendant was brought alone before Skaletzky for the purpose of identification. While all of these factors do indeed go to the weight to be given Skaletzky's testimony, we have held that identification need not be positive to support a conviction, its weight being a question for the trier of fact to be determined

in connection with the other circumstances of the case. (*People* v. *Pelkola,* 19 Ill.2d 156; *People* v. *Maciejewski,* 294 Ill. 390.) Other circumstances here, persuasively corroborating Skaletzky, show that defendant, wearing clothing like that of the burglar and having a part of the burglary proceeds in his possession, was arrested and identified within a half block of the burglarized store, ten minutes after the burglary had occurred. In addition, Skaletzky's testimony finds support in defendant's knowledge of where the television set had been concealed, but a short distance from the store and place of arrest, and in the testimony of the detective that defendant admitted his guilt.

When the store owner testified in the cause he related that, in addition to a bottle of whiskey and the television set, there was also missing from his store $65 in cash, a ham, a roll of baloney and two boxes of cigars. The latter items were never recovered and this circumstance is likewise advanced as creating a reasonable doubt of defendant's guilt. We do not see, however, how the failure to recover these items can serve to overcome or weaken the overwhelming proof which established that defendant had removed the television set and a bottle of whiskey from the store. It was the function of the jury to weigh the evidence and to draw reasonable inferences therefrom and, in this regard, defendant's own testimony reflects the belief of the investigating officers that there had been a prior breaking and entry by some other person or persons before defendant entered the store through the broken window.

The jury saw the witnesses and heard them testify and in our opinion was justified in finding that defendant's guilt was proved beyond a reasonable doubt. Apart from the proof that defendant once admitted his guilt, as well as the circumstances corroborating his identification as the guilty party, the jury could also take into consideration the improbabilities in defendant's efforts to explain his presence

at the scene of the crime, his possession of the whiskey, and his knowledge of where the television set was concealed. Cf. *People* v. *Spagnolia,* 21 Ill.2d 455.

Sometime prior to trial, while in the possession of the police, the bottle of whiskey was dropped on a floor and broken with the result that only the distinctively marked cap was offered and received into evidence. Although only a general objection was made at the time of trial, it is now belatedly contended that the exhibit was inadmissible because it was not in the same condition as it was at the time of the offense, and because there was no foundation to show that the cap came from the bottle found in defendant's possession. In addition it is vaguely asserted that the failure of the prosecution to produce the bottle intact deprived the defendant of his right to cross-examine the complaining witness and the arresting officers concerning the identification of the bottle as stolen property. However, even if these objections had been properly raised below and preserved for review, they would be of little avail to defendant.

Our examination of the record reveals that a proper foundation was laid for the exhibit, the proof showing conclusively that the cap came from the bottle found on the person of defendant. Further, not only was its altered condition satisfactorily explained, (Cf. *People* v. *Gold,* 336 Ill. 412, 420,) but it also appears that defendant's possession of the bottle of whiskey taken in the burglary was satisfactorily and completely proved by the testimonial evidence of the store owner and the arresting officers. Such being the case, the introduction of the bottle cap was not necessary to the People's proof, nor did its display to the jury necessarily add anything of value to the testimony of the witnesses. (Cf. *People* v. *Saltis,* 328 Ill. 494, 502-503; *People* v. *Norman,* 24 Ill.2d 403, 408.) Similarly, we fail to see how the absence of the complete bottle limited or detracted from defendant's cross-examination of the witnesses. While defendant now suggests, as an apparent after-thought, sev-

eral questions which might have been posed to the witnesses, each one could have been asked whether or not the bottle was available as evidence.

The judgment of the criminal court of Cook County was correct and is therefore affirmed.

*Judgment affirmed.*