(No. 41726.—■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. HENRY BYERS, Appellant.

*Opinion filed January 14, 1972.*

WILLIAM S. McDOUD, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General and ROBERT A. NOVELLE and GEORGE PAPPAS, Assistant State's Attorneys, of counsel,) for the People.

MR. JUSTICE WARD delivered the opinion of the court:

The defendant, Henry Byers, was convicted of the murder of Thaddeus Kubas by a jury in the circuit court of Cook County and was sentenced to a term of not less than 25 nor more than 50 years. In this appeal he contends: (1) his constitutional right to remain silent was violated at the inquest into the death of Kubas and the testimony he gave at the inquest should not have been admitted at trial to impeach his testimony on direct examination; (2) his testimony at the inquest was also inadmissible to impeach his testimony on the additional ground that the State had stipulated that it would not introduce into evidence any statements made by the defendant.

The defendant and David Lawrence were arrested for the murder of Thaddeus Kubas by two Chicago detectives on December 28, 1967. Kubas, who lived at a Y.M.C.A. in

Chicago, had been stabbed more than seventy times in the course of a burglary of his room. The defendant was brought to a station where he made a statement to the officers, and he later made a statement to an assistant State's Attorney. On January 26, 1968, the defendant, who did not at the time have counsel, testified at an inquest held into the death of Kubas. Prior to his testimony the admonitions prescribed in *Miranda (Miranda v. Arizona, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602,)* were given by a deputy coroner. In the testimony the defendant denied committing the crime. But *inter alia* he did admit having been in the Y.M.C.A., said he had been in the dead man's room and that he had found his knife beside the corpse.

Before trial, the defendant moved to suppress all statements, admissions and confessions given by him. In the hearing on the motion, evidence was presented concerning the statements the defendant had made to the detectives and to the assistant State's Attorney, but there was no reference whatever to the testimony the defendant had given at the inquest. The court suppressed the statement made to the officers apparently on the ground that the taking of it did not meet the standards announced in *Miranda.* Apparently because the court found that *Miranda* had been complied with, the motion to suppress was denied as to the statement given to the assistant State's Attorney. In the course of the trial, however, it was stipulated that any statement of the defendant would not be offered into evidence by the State.

At trial when the defendant was questioned on cross-examination about his activities on the night of the murder, discrepancies appeared between his testimony and that which he had given at the inquest. The prosecutor then prepared to impeach through the use of the testimony the defendant had given before the deputy coroner. The defendant unsuccessfully objected to the proposed impeachment, claiming that the testimony at the inquest

was embraced in the stipulation that the prosecution would not offer any of the defendant's statements in evidence. The defendant moved, too, to suppress the defendant's testimony at the inquest on the ground that he had not been adequately advised of his constitutional rights before testifying and because he had not knowingly waived his rights when he testified. The court after a hearing denied the motion and allowed the use of the defendant's testimony at the inquest.

The defendant renews here his argument that there was not a knowing waiver of his rights at the inquest and seems to add that though he appeared to waive his right to be silent, the waiver was made under coercion and therefore in violation of the requirement of voluntariness described in *Miranda v. Arizona, 384 U.S. 436.* The coercion arose, one gathers, when the deputy coroner remarked that if the defendant failed to testify, an officer would read the statement made by the defendant to the arresting officers.

Even if we assume that *Miranda,* whose holding involved a station house interrogation, were applicable to the quasi-judicial setting of the inquest here, we consider the evidence adequately showed a voluntary and intelligent waiver by the defendant. Indisputably the *Miranda* warnings were given by the deputy coroner, and the defendant indicated his understanding and that he wished to testify. He testified in the presence of a coroner's jury of six. Viewing all the circumstances we consider that the trial court did not err in apparently finding a voluntary and intelligent waiver and denying the motion to suppress. *People v. Bey, 45 Ill.2d 535; People v. Hill, 39 Ill.2d 125.*

In any event, the trial court did not err in permitting the impeachment. The Supreme Court has held that in order to be available for purposes of impeachment the statement of the accused which is to be used need not meet the requirements of *Miranda.* In *Harris v. New York, 401 U.S. 222, 28 L.Ed.2d 1,* the court reasoned: "Every

criminal defendant is privileged to testify in his own defense, or to refuse to do so. But that privilege cannot be construed to include the right to commit perjury. *** The shield provided by Miranda cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances. We hold, therefore, that petitioner's credibility was appropriately impeached by use of his earlier conflicting statements." (401 U.S. 222, 225.) At page 224 (28 L.Ed.2d at p.4) the court had observed: "Miranda barred the prosecution from making its case with statements of an accused made while in custody prior to having or effectively waiving counsel. It does not 'follow from Miranda that evidence inadmissible against an accused in the prosecution's case in chief is barred for all purposes, provided of course that the trustworthiness of the evidence satisfies legal standards."

The defendant's reference in oral argument to the holding in *People v. Luna, 37 Ill.2d 299,* does not persuade us that permitting impeachment here was improper. The setting there was dissimilar. A confession had been ordered suppressed. We held that the trial court erred in allowing the prosecution to impeach the defendant by use of prior testimony he had given to support his motion to suppress when the testimony used was substantially to the same effect as his confession and related directly to his guilt.

We must reject the defendant's second contention that the prosecution's stipulation that it would not introduce any statement made by the defendant included the defendant's testimony at the inquest, and that the trial court erred in permitting the introduction of the testimony to impeach.

The record shows that, while the defendant's motion broadly sought to suppress statements made by the defendant, the only evidence presented during the hearing on the motion concerned the statements made to the police officers and to the assistant State's Attorney. The

court suppressed only the statement made to the police officers. Later at trial when the defendant in cross-examining the arresting officer questioned him about the statement given him, the prosecutor in a conference between the court and counsel reminded the defense that the statement was suppressed. He warned that if the defense "opened the door" the State would seek to introduce the statement. The defense then explained that it was preparing a foundation for its explanation of the statement given to the assistant State's Attorney. At this point the prosecutor stipulated that the defendant's statements would not be introduced into evidence. While the language of the stipulation, if taken literally, could extend to *any* statement of the defendant, when considered in context the stipulation and the underlying intention obviously related only to the statement made by the defendant to the assistant State's Attorney. The testimony given at the inquest was not mentioned at the hearing on the motion to suppress or in the conference in which it was stipulated that the statements would not be used. The record shows that the assistant State's Attorney was unaware of the defendant's testimony at the inquest until after the stipulation was made. *Cf. People v. Palmer, 47 Ill.2d 289, 292.*

For the reasons given, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*