THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN E. THOMPSON, Defendant-Appellant.

(No. 71-294;

Fifth District—March 11, 1974.

*Modified upon denial of rehearing April 15, 1974.*

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Richard E. Cunningham, Assistant Appellate Defender, of counsel), for appellant.

Robert H. Rice, State's Attorney, of Belleville (James W. Jerz and Martin P. Moltz, of Model District State's Attorneys Office, of counsel), for the People.

### REVISED OPINION UPON DENIAL OF PETITION FOR REHEARING.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant, John E. Thompson, was charged by indictment with the offense of armed robbery. The case was tried in the St. Clair County Circuit Court to a jury which returned a verdict of guilty to the charge of armed robbery. The defendant was sentenced to a term of from 2 to 10 years in the Illinois State penitentiary system after denial of the defendant's post-trial motions.

The defendant brings four issues for review by the court: (1) That the judgment of conviction is void because the indictment failed to apprise the defendant of the nature and elements of the offense charged; (2) that the defendant was prejudiced by the admission into evidence of a statement allegedly made by the defendant at the time of his arrest; (3) that the State failed to prove the defendant guilty beyond a reasonable doubt; and (4) that the defendant was prejudiced by inflammatory closing arguments of the State.

Due to the conclusion that we reach, we find it necessary to pass only upon the first three issues.

The indictment states in the pertinent part:

"* * * on the 14th day of November, 1970, in St. Clair County, John E. Thompson committed the offense of armed robbery in that he, by threatening the imminent use of force and while armed with a dangerous weapon took an indeterminate amount of money from the person or presence of Willie J. Dickerson."

The defendant contends that it fails to properly charge an offense. The defendant asserts that an indictment for armed robbery can only be valid if the specific means used are specified in defining the proscribed act. The defendant cites in support of his contention the cases of *People v. Coleman*, 49 Ill.2d 565, 276 N.E.2d 721, and *People v. Grieco*, 44 Ill.2d 407, 255 N.E.2d 897. A reading of these cases does not convince us that the indictment is inadequate. Indeed the *Grieco* case states:

> "* * * well established in this area of the law is the principle that an indictment phrased in the language of the statute creating the crime is sufficiently certain where the words of the statute so particularize the offense as by their use alone to notify the accused of the precise offense charged against him." 44 Ill.2d at 409, 255 N.E.2d at 899.

The defendant asserts that use of the words "dangerous weapon" does not fully set forth the elements of the crime sufficiently to allow him to fully prepare his defense, contending that "dangerous weapon" in the indictment could mean anything from fountain pen to hand grenade. ■■ The law of Illinois is clear that an indictment formed in the language of the statute is sufficient to apprise a defendant of the nature of the charge against him. As stated in our recent supreme court case, *People v. Hayes*, 52 Ill.2d 170, 172, 287 N.E.2d 465, discussing the sufficiency of an indictment for armed robbery: "The indictment was phrased in terms of the statute and sufficiently informed defendant of the charge. Therefore, we find the defendant's contention without merit."

The defendant next urges that he was prejudiced by the admission into evidence of a statement allegedly made by him at the time of his arrest. It appears from the record that the defendant filed a series of pre-trial motions, including motion to produce confession, motion to suppress confession and motion for bill of particulars. The State responded by filing a bill of particulars, which stated in part:

> "2. The defendant failed to make a written or oral statement regarding his participation in the crime for which he is charged."

■■ During trial and during the State's case a conference was held in chambers at which time the State's Attorney informed the court that the State had an oral statement of the defendant it would like to offer in evidence. Defense counsel objected to the admission of the alleged statement and moved that it be suppressed. The court denied the renewed motion to suppress and ruled that the statement would be allowed into evidence for the limited purpose of impeachment if the defendant chose to testify. After the defendant rested his case, which included testimony of the defendant, the State presented a rebuttal witness who

testified as to contents of the oral statement of the defendant, which was exculpatory in nature but inconsistent with his testimony at trial. We are of the opinion that the court committed error in this regard.

Section 114—10 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., ch. 38, sec. 114—10) provides as follows:

> "114—10. Motion to Produce Confession. (a) On motion of a defendant in any criminal case made prior to trial the court shall order the State to furnish the defendant with a copy of any written confession made to any law enforcement officer of this State or any other State and a list of the witnesses to its making and acknowledgment. If the defendant has made an oral confession a list of the witnesses to its making shall be furnished.
>
> (b) The list of witnesses may upon notice and motion be amended by the State prior to trial.
>
> (c) No such confession shall be received in evidence which has not been furnished in compliance with subsection (a) of this Section unless the court is satisfied that the prosecutor was unaware of the existence of such confession prior to trial and that he could not have become aware of such in the exercise of due diligence."

■■ Our supreme court in *People v. Costa,* 38 Ill.2d 178, 230 N.E.2d 871, has construed the word "confession" to include both inculpatory and exculpatory statements. A clear reading of section 114—10 in light of the construction of section 114—11 in *People v. Costa* precludes the reception into evidence of the statement for any purpose unless the court is satisfied that the prosecutor was unaware of the existence of the statement. There is no indication in the record before us that the State's Attorney was unaware of the statement or could not have become aware of it in the exercise of due diligence.

The State's reliance on *Harris v. New York,* 401 U.S. 222, 28 L.Ed.2d 1, 91 S.Ct. 643, and *People v. Byers,* 50 Ill.2d 210, 278 N.E.2d 65, is without merit. In those cases the issue was whether an alleged violation of *Miranda* rights rendered a statement inadmissible for impeachment purposes. Here the issue is the applicability of the Code of Criminal Procedure of 1963.

■■ With reference to the contention that defendant was not proven guilty beyond a reasonable doubt, we would point out that the lack of victim identification is not fatal to the State's case, but is another fact to be weighed by the jury in their deliberations. (*People v. Nicholson,* 55 Ill.App.2d 361, 204 N.E.2d 482; *People v. Oswald,* 26 Ill.2d 567, 187 N.E.2d 685.) As stated in *People v. Johnson,* 12 Ill.App.3d 326, 330, 297 N.E.2d 601,

> "A reviewing court will not disturb a guilty verdict on grounds

of insufficient evidence unless it is so unsatisfactory, improbable or unreasonable and so palpably contrary to the evidence as to justify the court in entertaining a reasonable doubt of the defendants' guilt."

For the foregoing reasons this cause is reversed and remanded to the Circuit Court of St. Clair County for a new trial.

G. MORAN, P. J., and CREBS, J., concur.