THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY B. HESTER, Defendant-Appellant.

(No. 60112;

First District (4th Division)—December 20, 1974.

James J. Doherty, Public Defender, of Chicago (Joseph Gluszek, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant, Larry B. Hester, was charged by complaint with the offenses of aggravated assault and failure to possess a State firearm owner's identification card. Following a bench trial, defendant was found guilty of both offenses and sentenced to a term of 6 months in the House of Correction.

The only issue presented on appeal is whether the defendant was proven guilty beyond a reasonable doubt.

At trial, Officer George Cascio of the Chicago Police Department testified that on the night of July 11, 1972, he and his partner, Officer Timothy O'Meara, received a radio flash message describing a vehicle wanted in connection with certain traffic violations. The officers subsequently observed the defendant's car near Austin and Madison Streets in Chicago.

Officer Cascio noted that the license number of defendant's car matched the license number of the wanted vehicle. The officers turned on their mars light and siren and attempted to curb defendant's automobile, but defendant refused to pull over. After a high-speed chase, the defendant drove into a dead-end street in the Village of Forest Park. Defendant slammed on his brakes and brought his car to a halt. The police officers stopped their car at a distance estimated by Officer Cascio to be approximately 30 to 50 feet from defendant's car. The original police report of the incident indicated the distance between the two vehicles was approximately 15 feet. Officer Cascio further testified that defendant, immediately after stopping his car, jumped out of the driver's side and fired a shot in the direction of the police squad car. The bullet did not strike the squad car and was not recovered. Officer O'Meara then fired a shot in return, and the defendant dropped his weapon. Officer Cascio recovered the revolver, along with the five remaining rounds of live ammunition, from the ground and placed defendant under arrest. The defendant did not possess a State firearm owner's identification card. Defendant was handcuffed and taken to St. Anne's Hospital, because he was injured and bleeding. Officer Cascio testified he did not know the cause or extent of defendant's injury, but apparently defendant hit the windshield of his car when making the sudden stop, the windshield being shattered, and defendant suffered no physical abuse from either officer. Defendant first testified he was in the hospital 2 weeks, then changed it to 5 days, and finally said 2 days. He also said he filed a complaint against the officers. However, no complaint was located and no disciplinary action was taken against Officer Cascio or Officer O'Meara as a result of the defendant's arrest.

The defendant, Larry Hester, testified he was driving his girlfriend's car on the night in question and did not know there was a gun in the car until after his arrest. Defendant, however, did not know the address of his girlfriend and could not contact her to corroborate his story. Defendant further testified that Officer O'Meara struck him in the eye with a pistol then beat him to the ground.

At the close of all the evidence the trial court found the defendant guilty of aggravated assault and failure to possess a State firearm owner's identification card, and sentenced him to a term of 6 months in the House of Correction.

The defendant contends the evidence failed to prove him guilty beyond a reasonable doubt. In support of his contention, the defendant cites the decision in *People v. Williams* (1972), 3 Ill.App.3d 1036, wherein the appellate court held that although the matter of credibility is essentially a question for determination by the trial court, nevertheless

it is the duty of the reviewing court to reverse when the evidence is so unsatisfactory that it does not establish the alleged violation beyond a reasonable doubt.

■■ We believe the evidence in the case at bar established the guilt of the defendant beyond a reasonable doubt. It is a well established principle of law that it is the function of the trial court to determine the credibility of the witnesses and the weight to be afforded their testimony. (*People v. Hampton* (1973), 14 Ill.App.3d 427.) A trial court's finding of guilty will be disturbed only where the evidence is so unreasonable, improbable or unsatisfactory as to leave a reasonable doubt as to the defendant's guilt. (*People v. Durley* (1972), 51 Ill.2d 590.) The testimony elicited from Officer Cascio in the present case was credible and uncontradicted. Under the circumstances, we will not disturb the finding of the trial court.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and JOHNSON, J., concur.