(No. 47558.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JERRY L. WILLIAMS, Appellant.

*Opinion filed May 28, 1976.*

James Geis, Deputy Defender, Office of State Appellate Defender, of Ottawa (Mark W. Burkhalter, Assistant Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and William K. O'Connor, State's Attorney, of Cambridge (James B. Zagel, Jayne A. Carr, and George C. Sorensen,

Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Following a jury trial in the circuit court of Henry County defendant, Jerry L. Williams, was found guilty of burglary and sentenced to the penitentiary. The circuit court also revoked his probation for a prior theft conviction and imposed a sentence to be served consecutively to the burglary sentence. The appellate court affirmed (27 Ill. App. 3d 858), and we allowed defendant's petition for leave to appeal. The facts are adequately stated in the appellate court opinion and will be reviewed only to the extent necessary to discuss the issues.

Defendant and Michael C. Rodak were indicted for the burglary of a physician's office. Rodak pleaded guilty to the charge and testified for the People at defendant's trial. Defendant, in his testimony at trial, admitted being with Rodak at the time of the burglary, admitted that he was on the roof of the burglarized building, but denied either entering the building or any participation in the crime.

On the day following defendant's conviction, while Rodak and defendant were both incarcerated in the county jail, defendant received two handwritten notes from Rodak. (See 27 Ill. App. 3d 858, 860-61.) In one of them Rodak wrote that he had signed a statement "that said I did it by myself."

Defendant contends that because of appointed defense counsel's failure to move for pretrial discovery, the statement to which Rodak's note referred, presumably in the possession of the People and potentially favorable to his case, did not come to the attention of the defense until after trial. He argues that the failure to discover the note deprived him of the effective assistance of counsel guaranteed by the sixth amendment to the United States

Constitution and article I, section 8, of the Illinois Constitution.

It is defendant's position that "failure to file a pre-trial discovery motion in a criminal case constitutes incompetency," and that as the result of counsel's incompetency he suffered prejudice so substantial as to require a new trial.

In support of his contention defendant cites Standard 4.1 of Standards Relating to the Defense Function (ABA Standards Relating to the Administration of Criminal Justice), which provides:

> "It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilt or his stated desire to plead guilty."

We are not persuaded that failure to file a motion for discovery is *per se* proof of either incompetency or ineffective assistance of counsel.

As stated in the Committee Comments to Rule 412, "discovery is not intended to be 'automatic' " and "It is recognized that in many cases discovery will be neither necessary nor wanted ***." (58 Ill.2d R. 412.) The manner and extent of investigation, of necessity, is to be determined within the discretion of counsel, and whether defendant received effective assistance of counsel must be determined from the record.

During cross-examination of Rodak defense counsel showed that he had pleaded guilty to this same charge, that he was a drug addict, and that he expected to receive a lighter sentence because of his testimony. In response to the question whether he had told anyone that defendant was not involved in the burglary Rodak responded, "Not that I can recall." The statement which presumably

exonerated defendant, assuming, *arguendo,* that it existed, and was in the possession of the People, would have been admissible only to impeach Rodak on this last question.

This case is clearly distinguishable from *People v. Stepheny,* 46 Ill.2d 153, upon which defendant rests much of his argument that counsel was incompetent. Here the evidence allegedly undiscovered would have served only to further impeach Rodak's testimony. In *Stepheny,* in which defendant was convicted of voluntary manslaughter, the undiscovered evidence related to the decedent's being armed and provoking the defendant and was contrary to evidence offered by the People. In view of defendant's testimony that he was with Rodak at the time of the burglary we are unpersuaded that any additional impeachment of Rodak's testimony would have affected the outcome of the trial.

We conclude that on this record defendant received the effective assistance of counsel, and we agree with the appellate court that the circuit court did not err in denying defendant a new trial on the basis of newly discovered evidence. The judgment is affirmed.

*Judgment affirmed.*