THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESSE SANDOVAL, Defendant-Appellant.

Second District (1st Division)    No. 75-405

Opinion filed September 10, 1976.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted of burglary upon his guilty plea and was sentenced to a term of two to six years in the penitentiary. His appeal raises the question whether his confessions to crimes other than this charge of burglary which were taken in the absence of and without notice to his appointed counsel could properly be introduced in his sentencing hearing.

Defendant was arrested on December 9, 1974. The public defender was appointed to represent him on the burglary charge on December 11, 1974. Prior to defendant's indictment he was interrogated by sheriff's deputies on December 16, 1974, and again on December 21, 1974, relating to matters other than the charged burglary. Defendant entered his guilty plea to the present charge on March 26, 1975. At his subsequent sentencing hearing the State sought to introduce statements pertaining to the unrelated charges. A hearing was conducted on the issue of voluntariness. The deputies testified that defendant was fully advised of his *Miranda* rights prior to the questioning on each occasion and that defendant said he understood his rights, made no requests and in addition signed written waiver forms on each occasion. At the hearing the defendant acknowledged that he had received his full *Miranda* warnings on both December 16 and 21. It was also determined that although the public defender's office had been appointed and had appeared in court with defendant prior to either of the interviews no one from the defender's office had been notified of the proposed questioning.

The trial court found that the defendant had been fully advised of his *Miranda* rights, had waived them voluntarily and concluded that the police were not barred from interviewing the defendant without notice to his counsel as to matters other than those charged in the pending case. The statements were then introduced. In them defendant confessed to other burglaries, thefts and to vandalism resulting in approximately $30,000 worth of damage to a cemetery. It is clear that the statements were substantially relied upon by the judge in sentencing.

■■ Defendant first notes that constitutional rights protecting an accused from self-incrimination and permitting him the assistance of counsel apply at the sentencing stage of criminal proceedings. He argues that the police impermissibly ignored the existence of the attorney-client relationship in violation of his privilege against self-incrimination. He also contends that there could be no knowing and intelligent waiver since the

interrogation was initiated by the police and not at the request of the defendant and because defendant did not specifically reject the presence and advice of his attorney. He relies on *Massiah v. United States*, 377 U.S. 201, 12 L. Ed. 2d 246, 84 S. Ct. 1199 (1964), and *Escobedo v. Illinois*, 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 (1964).

The State responds that *Massiah* applies only to post-indictment incriminating statements, whereas in this case the statements were made prior to indictment. In addition, the State argues that *Massiah* does not apply because the admissions were unrelated to the prosecution in which the statements were introduced. The State also contends that *Massiah* applies only to evidence introduced at trial, not at a sentencing hearing.

In *Massiah* the United States Supreme Court concluded that the sixth amendment right to the assistance of counsel meant that the defendant had that right with respect to surreptitious interrogation conducted after indictment and held that the statements could not be used as evidence against defendant at trial. (377 U.S. 201, 204-05, 12 L. Ed. 2d 246, 249-50, 84 S. Ct. 1199, 1202.) In *Escobedo* the same court held that the defendant has the right to counsel at the accusatory stage of criminal proceedings (378 U.S. 478, 491, 12 L. Ed. 2d 977, 986, 84 S. Ct. 1758, 1765.) See also *People v. Costa*, 38 Ill. 2d 178, 183 (1967).

*Massiah* did not contemplate the issue of waiver. *Miranda (Miranda v. State of Arizona*, 384 U.S. 436, 476-77, 16 L. Ed. 2d 694, 725, 86 S. Ct. 1602, 1628 (1966)) did not contemplate circumstances in which counsel had already been appointed.

In *People v. Kelley*, 10 Ill. App. 3d 193, 196-97 (1973), we concluded that the *Massiah* doctrine did not make all post-indictment incriminating statements obtained in the absence of counsel even though already retained *per se* inadmissible; but that the right to counsel in those circumstances could be waived by a defendant acting knowingly and intelligently.[1] See also *People v. Morgan*, 35 Ill. App. 3d 10, 350 N.E.2d 27, 34 (1976).

Several Federal Courts of Appeal have dealt with the effect of the taking of a defendant's statement after he has counsel but in absence of such counsel.

In *United States v. Springer*, 460 F.2d 1344 (7th Cir. 1972), the court was asked to affirm as a principle that *Massiah* and related cases stand for the rule that law enforcement officials cannot procure a statement of any kind from a defendant who has an attorney without at least prior notice to, if not the consent of, the attorney. (460 F.2d 1344, 1350.) The court, however, held that there was no such *per se* rule; and that a constitutional

---

[1] In *Kelly* we also noted that the same rule had obtained in *People v. Smith*, 42 Ill. 2d 479, 482-83 (1969), prior to indictment. However, it is not clear from *People v. Smith* whether counsel was appointed prior to the taking of the statement or afterwards.

right, such as the right to counsel, may be waived. The defendant also sought to argue alternatively that even a higher *Miranda* burden is put on the government after retention of counsel to show an intelligent and knowing waiver. The court recognized "that there is a higher standard imposed to show waiver of the presence of counsel once counsel has been appointed than before * * * " (460 F.2d 1344, 1352) but held that voluntariness becomes a question for the trier of the facts whose finding if it has "substantial support" will not be disturbed on review (460 F.2d 1344, 1350). In a dissenting opinion, then Circuit Judge Stevens concluded that the work of the agents was purely trial preparation and that in this context the interrogation without notifying appointed counsel was a procedural irregularity which violated the due process clause of the fifth amendment. 460 F.2d 1344, 1355.

In *Williams v. Brewer*, 509 F.2d 227 (8th Cir. 1975), the court concluded that the district court had properly reversed a State court holding that defendant had knowingly waived his right to counsel. In so doing the majority reaffirmed a previous holding that an accused can voluntarily, knowingly and intelligently waive his right to have counsel present at an interrogation after counsel has been appointed but that the prosecution has "the weighty obligation to show that the waiver was knowingly and intelligently made." (509 F.2d 227, 233.) The majority viewed the circumstances as showing that the defendant had indicated that he wished to delay his statement until he had consulted with his attorney but that nevertheless the officers persisted in their conversation with the admitted intent of obtaining information before their arrival at the city where the defendant planned to consult with his attorney. The dissenting judge believed the facts showed a voluntary waiver.[2]

In *United States v. Crisp*, 435 F.2d 354 (7th Cir. 1971), the court held that *Massiah* does not render inadmissible *per se* the incriminatory statements made to agents after an indictment without the presence of counsel. (435 F.2d 354, 358.) The court also stated that, "as *Miranda* and *Escobedo* clearly indicate, formal indictment is no longer the determinative event upon which constitutional safeguards hinge * * *", and that a knowing and voluntary waiver of constitutional rights may validly occur at any "critical stage" of custodial interrogation. (435 F.2d 354, 358.) The court concluded that although Crisp was fully warned of his rights he still wished to give the statement without the presence of his attorney; and that his waiver was effective.[3]

---

[2] The United States Supreme Court has granted certiorari in *Brewer v. Williams*, Supreme Court No. 74-1263.

[3] The court also noted that the failure to inform Crisp's attorney before proceeding with the interview did not require reversal. In *Crisp* the defendant initiated the questioning while here the questioning was initiated by the officers. However, we view this factor as one which bears only upon the issue of voluntariness.

We conclude that the retention or appointment of counsel does not absolutely preclude an accused from waiving his *Miranda* rights without counsel being present or notified.

■■ Under the circumstances of this record the State has satisfied the "heavy burden * * * to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." (*Miranda v. Arizona*, 384 U.S. 436, 476-77, 16 L. Ed. 2d 694, 725, 86 S. Ct. 1602, 1628.) The standard for review employed at a voluntariness hearing in Illinois is whether the trial court's decision is manifestly against the weight of the evidence. (See *People v. Nemke*, 46 Ill. 2d 49, 56-57 (1970). See also *People v. Kalagian*, 6 Ill. App. 3d 582, 585 (1972).) *United States v. Springer*, 460 F.2d 1344, 1352 (7th Cir. 1972), stated the requirement that where counsel has been appointed the government case must "be a clear one" to prevent the exclusionary rule from operating and recognized a higher standard once counsel had been appointed than before. The court in *Springer* also indicated that where an extensive evidentiary hearing has been held on the motion to suppress, the finding of the trier of facts as to voluntariness "if substantially supported" will not be disturbed on review. (460 F.2d 1344, 1352.) Defendant was fully admonished in compliance with *Miranda*; he made no request to have counsel present on the two occasions he gave his statements; and he signed waiver forms specifying the rights he was voluntarily relinquishing on each occasion.

The finding of the trial court that defendant's confessions to the unrelated offenses were voluntary is substantially supported on this record and will not be disturbed.

In this view we do not reach the additional arguments offered by the State.

The judgment is affirmed.

Affirmed.

GUILD, P. J., and HALLETT, J., concur.