THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RANDOLPH MULLEN, Defendant-Appellant.

Fourth District   No. 13125

Opinion filed November 10, 1976.

William R. Gaston, of Gaston & Goldstein, of Urbana, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

In a jury trial Randolph Mullen was convicted of the kidnaping of Martha J. Bailey in violation of section 10—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 10—1), and the armed robbery of Thomas Gorman in violation of section 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 18—2). Defendant was sentenced to concurrent indeterminate terms of 10 years minimum, 30 years maximum, for armed robbery, and 3 years minimum, 9 years maximum for kidnaping.

The facts appear to be as follows: Martha Bailey, a schoolteacher, testified that on the evening of May 7, 1973, she was abducted at gunpoint in a grocery store parking lot by the defendant. She was forced into her car and the defendant drove. After driving approximately one hour, defendant forced Ms. Bailey at gunpoint into the car trunk. She was able to get her best view of defendant when he reopened the trunk to ask Ms. Bailey a question about the operation of her car. Ms. Bailey remained in the trunk until her car was discovered several hours later by the police. Although Ms. Bailey described the kidnaper as having a long thin nose and could not recall whether or not the kidnaper had a beard, she was positive at trial that defendant was her abductor.

Shirley Brooks, defendant's ex-girlfriend, testified that defendant had told her of the entire episode in detail, how he had needed money, how he had kidnaped a woman, placed her in the trunk of her car and then robbed a gas station. Defendant attacks the credibility of Shirley Brooks on the grounds that she was recently convicted of involuntary manslaughter, that defendant's parents, who had provided her appeal bond, wished to withdraw as her bondsmen, and that she had informed on defendant only after defendant had terminated their relationship. Other State witnesses testified that groceries found in defendant's home were similar to those taken from Ms. Bailey and that defendant possessed a gun similar to the one described by Ms. Bailey. Defendant's only alibi witness was his mother, Mary Ellen Mullen, who testified that she had talked to defendant on the phone at the same time the abduction was in progress. She also claimed to have seen Ms. Brooks, along with a male

passenger, driving her son's car through town the night of the kidnaping at a high rate of speed.

■■ Defendant urges a reversal because of an alleged failure to prove him guilty of kidnaping beyond a reasonable doubt. Apparently he does not consider the rule that the testimony of one identifying witness is sufficient to convict if it is positive and credible. (*People v. Novotny* (1968), 41 Ill. 2d 401, 244 N.E.2d 182.) Defendant argues that the witness' identification is not credible because she could not remember whether her kidnaper had a beard, citing *People v. Marshall* (1966), 74 Ill. App. 2d 483, 221 N.E.2d 133. It is true that in that case the court stated that where a witness is not sure whether the offender had a moustache, such a fact is very important. In *Marshall*, however, unlike here the identifying witness also stated "I did not look that close." The supreme court has more recently stated that precise accuracy in describing facial characteristics is unnecessary where an identification is positive. (*People v. Catlett* (1971), 48 Ill. 2d 56, 63, 268 N.E.2d 378, 381.) Defendant also questions Ms. Bailey's identification because she originally described her kidnaper's nose as long and thin, which, the defendant says, is quite different from his nose. There is no evidence in the record, however, as to the actual shape of defendant's nose. The jury had an opportunity to view the defendant at trial and judge Ms. Bailey's testimony in its entirety on that basis. Martha Bailey positively identified the defendant at trial as her kidnaper. The evidence discloses that contrary to defendant's contention the victim had adequate opportunity to view the offender. She stood face to face with him while in the shopping center parking lot. She looked at him while riding in her car. Lastly, she viewed him when he returned to the trunk to ask her which key to use to start the car. From this evidence the jury was justified in concluding that defendant was Ms. Bailey's abductor and in finding defendant guilty of kidnaping beyond a reasonable doubt.

Defendant also argues that he was not proved guilty of armed robbery beyond a reasonable doubt. The evidence against defendant consists primarily of the testimony of Shirley Brooks and the crime's victim, Thomas Gorman. Ms. Brooks testified that on May 7, 1973, defendant left her home saying he needed money. He returned with about $150, stating he had kidnaped a woman and robbed a gas station. While it might be reasonably said that Ms. Brooks was not the most persuasive witness, nevertheless, it was for the jury to determine her credibility.

Martha Bailey's positive identification of the defendant makes an extended discussion of defendant's attack on Shirley Brooks' testimony unnecessary. The evaluation of her testimony and of all the evidence was a question for the jury. *People v. Goines* (1974), 20 Ill. App. 3d 1055, 314 N.E.2d 193.

■■ Thomas Gorman, a gas station attendant, testified that he had

been robbed by a young black male on the night of May 7, 1973. Gorman was able to take down the license number of the robber's car. The plate number matched that of the car owned by Ms. Bailey and the one used in her abduction. Gorman's description of the robber's clothes matched the description of the kidnaper's clothes. He described the robber's gun as being very similar to the gun found in and taken from the defendant's own vehicle. When the robber left the station he proceeded in the direction in which the kidnaping victim was found. Gorman could not make a positive identification of the robber but did testify that defendant had the same kind of build and same facial structure. It is not necessary that there be a positive identification of the defendant to support a conviction where there are other circumstances to link the defendant to the crime. (*People v. Oswald* (1963), 26 Ill. 2d 567, 187 N.E.2d 685; *People v. Thompson* (1974), 18 Ill. App. 3d 613, 310 N.E.2d 504.) There are sufficient circumstances established in the record in this case for the jury to convict defendant beyond a reasonable doubt of armed robbery.

■■ The last contention on appeal is that the trial court erred in denying defendant's petition for a new trial on the basis of newly discovered evidence. The evidence sought to be introduced was the testimony of Gregory Atkins who defendant claims would testify that Shirley Brooks told him that she had committed the crime with another and had falsified evidence which implicated defendant. The trial court denied the petition on the grounds that the testimony would be inadmissible hearsay, competent only for impeachment and an insufficient basis for the granting of a new trial and, in any event, quite unlikely to change the result of the trial. We agree with the trial court's analysis. A new trial is warranted only when the newly discovered evidence is of such a conclusive nature that it will likely change the result of retrial. A denial of an application for a new trial will not be disturbed upon review unless there is a showing of an abuse of discretion. (*People v. Reese* (1973), 54 Ill. 2d 51, 294 N.E.2d 288; *People v. Booth* (1974), 20 Ill. App. 3d 88, 312 N.E.2d 736.) The testimony of Gregory Atkins is not of such a conclusive nature as to likely change the result of defendant's original trial. The positiveness of the State's testimony and the reasonable intendments that flow therefrom identifying the defendant as the kidnaper and the gas station robber seems to permit of no result other than the guilt of the defendant. The jail cell conversation between defendant and Gregory Atkins, even when viewed in a most charitable light pales into insignificance when contrasted with the certainty of the People's proof.

The trial judge correctly identified the testimony of Gregory Atkins as hearsay. Only under special circumstances is the testimony as to unsworn statements of a third person that he committed a crime admissible.

(*Chambers v. Mississippi* (1973), 410 U.S. 284, 35 L. Ed. 2d 297, 93 S. Ct. 1038; *People v. Lettrich* (1952), 413 Ill. 172, 108 N.E.2d 488.) No special circumstances are present here and unimpeachable eyewitness testimony of defendant's guilt exists. (*People v. Dowling* (1968), 95 Ill. App. 2d 223, 238 N.E.2d 131.) Again, measuring Mr. Atkins' affidavit in its most favorable light, we note that it merely impeaches evidence that corroborated Ms. Bailey's testimony.

A new trial will not be granted for newly discovered evidence which would only discredit a witness if it lacks sufficient probative force so as to likely produce a different result than obtained at the trial. (*People v. Williams* (1976), 63 Ill. 2d 371, 349 N.E.2d 14; *People v. Moore* (1972), 6 Ill. App. 3d 568, 286 N.E.2d 6.) We can see no likelihood of a different result on retrial.

In conclusion we find that the evidence was sufficient to find defendant guilty beyond a reasonable doubt of kidnaping and armed robbery and that the trial court did not abuse its discretion in denying the petition for a new trial.

Judgment affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.