THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE LAKINS, Defendant-Appellant.

First District (3rd Division)    No. 76-1232

Opinion filed August 24, 1977.

James J. Doherty, Public Defender, of Chicago (Philip Farina and Aaron L. Myers, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

In a one-count indictment the defendant, George Lakins, was charged with the September 19, 1975, burglary of a card shop located at 329 South LaSalle Street in Chicago. Following a bench trial on December 29, 1975, Lakins was convicted and sentenced to serve a term of two to six years in the penitentiary.

Lakins raises two contentions upon this appeal. First, that he was not proved guilty beyond a reasonable doubt because the witnesses observed the burglary under conditions which precluded them from positively identifying him as the burglar. Second, that the trial court erred in denying his motion to quash the arrest and to suppress the identifications resulting from the arrest. Our review of the record reveals that neither of these contentions is correct.

There is no dispute that the Rob-Roy Card Shop was burglarized at approximately 1 a.m., September 19, 1975. At that time the State's witness, Ophelia Juarez, was standing on the west side of the well-lighted 300 block of South LaSalle Street, outside the east entrance of the Board of Trade Building. She was waiting for her sister, Martha Garcia, to pick her up after work. Juarez then noticed a man turn the corner from West Van Buren Street to the east side of South LaSalle Street and walk north to a point in front of the card shop which was located diagonally across the street and about 50 feet from where Juarez was standing. She indicated that this man drew her attention because he was walking with a swaying fashion and that she observed him for about two minutes before she

turned to the north to see if her sister was coming. At this point she heard a crash from across the street, turned to look, and saw the man entering the card shop through a broken glass door.

Juarez promptly notified the security guard at the Board of Trade Building that the shop had been broken into and the guard called the Chicago Police Department. Meanwhile, Garcia drove up. Juarez, however, did not enter the car, but waited outside. Both women observed the burglar leave the card shop, walk south to Van Buren Street and turn the corner heading east. He was described by Juarez as having gray or blond hair and a red cloth wrapped around his hand.

Shortly thereafter, Police Officers Ruggiero and Kotch arrived at the card shop. There they found the glass door broken, no one inside, and an empty cash register smashed on the floor. It was stipulated that the shopkeeper would testify that an amount in excess of $200 was missing from this register. Juarez told the police that the burglar was about five feet seven inches tall, 40 to 45 years old, 160 pounds in weight, clothed in a light blue jacket and tan pants and he had gray hair in a flat-top style. Neither of the women claimed to have observed clearly the facial characteristics of the burglary; however, both identified Lakins as the burglar at trial.

The police officers searched the taverns and restaurants near the scene of the burglary. In a tavern located at 420 South Clark Street, one block from the card shop, they encountered the defendant, George Lakins. Because Lakins fit the description of the burglar given by the Juarez sisters, he was asked to accompany the officers back to the card shop. Lakins agreed to do so. There he was identified as the burglar by both Juarez and Garcia, who were then seated in the latter's car about 25 feet from the defendant. This identification occurred with 10 minutes of their giving the description to the police. Contrary to the defendant's position, the record does not disclose that Lakins was identified solely on the basis of his clothing.

Lakins was taken to the police station under arrest for burglary. An inventory of items found on his person revealed over $60 in five and one dollar bills, and about $15 in coins. No red handkerchief or cloth was found. Lakins testified that he was an alcoholic residing at the Pacific Gardens Mission where he was employed as a cook earning $15 every two weeks. He denied committing the burglary and stated that he had been drinking in various local bars the entire evening. He claimed to have won the money found on him in a card game with two bartenders. Officer Ruggiero testified that Lakins told him that he had been at the Clark Street bar for two hours prior to the arrival of Ruggiero and his partner. At trial the defendant indicated that he arrived at the bar about midnight,

left around 12:30 a.m. for coffee, and returned to the bar about 15 minutes later. No witnesses were called to corroborate the defendant's alibi.

■■ Lakins urges that the identifications by the two sisters were precluded by the conditions under which they observed the burglary. The time of day, the distance from which they viewed the offense, the length of time they were able to observe the burglar both before and after the break-in, the inability to observe the offender's face clearly, and the emphasis placed upon the clothing of the burglar are pointed to as factors which make the identifications inconclusive. It is our view, however, that these factors go only to the weight which was given to the identification testimony by the trier of fact. Consequently, this court will not reverse the findings of the trial judge unless the evidence of identity is so unreasonable, improbable or unsatisfactory as to leave a reasonable doubt as to the defendant's guilt. *People v. Hester* (1974), 25 Ill. App. 3d 364, 323 N.E.2d 500.

■■■ Our supreme court has held that identification testimony need not be positive in order to sustain a conviction for burglary, "its weight being a question for the trier of fact to be determined in connection with the other circumstances of the case." (*People v. Oswald* (1963), 26 Ill. 2d 567, 187 N.E.2d 685.) Such other circumstances include the degree to which the defendant matches the description of the observed offender, the time and location of the defendant's arrest with respect to the time and location of the offense, and, in this case, the degree to which the court found Lakins' explanation of possession of large amounts of small bills and change believable. Under the facts of this case we cannot conclude that the identity of the defendant as the burglar was not proved beyond a reasonable doubt. See also *People v. Ellis* (1976), 41 Ill. App. 3d 377, 354 N.E.2d 369.

■■ With regard to the defendant's motion to quash his arrest and to suppress the identifications which resulted therefrom, we are of the opinion that the motion was properly denied. A warrantless arrest is proper if, under the circumstances of a case, the officer effecting the arrest has probable cause to believe a crime has been committed and that the person arrested is responsible for the commission of the crime. (Ill. Rev. Stat. 1975, ch. 38, par. 107—2(c); *People v. Wright* (1974), 56 Ill. 2d 523, 309 N.E.2d 537. See also *United States v. Watson* (1976), 423 U.S. 411.) Whether we characterize Lakins as having been placed under arrest at the time he was asked to leave the Clark Street bar or at the time he was identified on the street by Juarez and Garcia, sufficient probable cause existed to arrest Lakins once the police had viewed the condition of the card shop and had received the description of the burglar from Juarez and Garcia. Since the arrest itself was proper, any identification of Lakins

as the burglar, which was secured as a result of the arrest, was also proper.

For the foregoing reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

SIMON, P. J., and JIGANTI, J., concur.