THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
TERRY L. CLEMENTS, Defendant-Appellant.

Fifth District   No. 79-82

Opinion filed January 21, 1980.

John H. Reid, of State Appellate Defender's Office, of Mt. Vernon, and E. Joyce Randolph, law student, for appellant.

Edward C. Eberspacher, State's Attorney, of Shelbyville (Raymond F. Buckley, Jr., and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Following a bench trial in the circuit court of Shelby County, defendant, Terry L. Clements, was found guilty of possession of more than 10 grams but not more than 30 grams of a substance containing cannabis and was sentenced to a one-year term of imprisonment. Defendant appeals his conviction, presenting two issues for our consideration: whether the cannabis admitted at trial should have been excluded as the fruit of an unlawful search and seizure; and whether the trial court erred in permitting a witness to testify whose identity had not been disclosed by the State in response to defendant's discovery motion.

We affirm.

Defendant filed a pretrial motion to suppress, asserting that the substance alleged to be cannabis was obtained in violation of his fourth amendment rights. Evidence relating to the motion was presented on two separate occasions. After receiving all of the evidence, the trial court denied defendant's motion and entered an order which found that defendant's rights had not been violated since the search of his person and the seizure of the substance had been performed by private citizens rather than agents of the government. At trial defendant renewed his motion at the close of the State's case when it sought admission of the cannabis. After hearing argument of counsel, the trial court denied the motion on identical grounds to those in its pretrial order.

The following facts may be gleaned from the testimony presented at the suppression hearing and trial.

Around 10:30 p.m. on June 29, 1977, defendant was brought by ambulance to the emergency room of the Shelby County Memorial Hospital. He had apparently been involved in a traffic accident and was semi-unconscious and very muddy. After being attended to for a short time in the emergency room defendant was admitted to the hospital and taken to a semi-private room on the second floor to remain overnight for observation.

Nurse's aides Jenny Wade and Nancy Boehm endeavored to give defendant a bed bath. Boehm removed his T-shirt and jeans and placed them in a large plastic bag supplied by the hospital for storage of a patient's soiled clothing. The aides washed defendant's upper torso, but according to Wade, when they reached his waist defendant indicated he did not want them to remove his undershorts and finish the bath. Defendant told Wade that he did not want his undershorts removed because he had some "grass" in them. Wade then obtained the assistance of nurse Amy Jo Stephens, who was passing by the room. Stephens and Wade removed the defendant's undershorts, and Stephens found inside them a white plastic bag containing a green, leafy substance which was subsequently determined to be 24.8 grams of cannabis. She placed both the undershorts and the plastic bag in the large clothing bag containing defendant's other items of clothing. The clothing or possessions bag was located on the floor at the foot of defendant's bed.

After discovering the suspect bag, Stephens called her supervisor, registered nurse Lillian Yates, and informed her of what she had found. Lillian Yates in turn called the Shelbyville police. At the suppression hearing, Yates testified that she identified herself and told the officer that she was calling because they had discovered a plastic bag containing some green substance on a patient whom she believed she identified as defendant. At trial, she stated simply that she reported that they had found an object on defendant that she felt was "reportable."

The officer who received Yates' call, Sergeant Larry Wheeler, testified only at the suppression hearing. Although he did not relate the substance of Mrs. Yates' conversation, he testified that in response to her call he sent out an officer to pick up a package that hospital personnel had removed from a person at the hospital.

Reserve officer Victor Elbert was the officer dispatched to the hospital. He met with nurses Yates and Stephens at the second floor nurses station. According to Stephens, the officer asked her to get the plastic bag that had been reported to the police. Stephens looked to supervisor Yates for approval, and Yates indicated her assent in some manner. Yates testified more specifically at the suppression hearing that the officer asked Stephens to go get defendant's possessions bag and turn over the suspect bag to him.

Nurse Stephens went to defendant's room, and nurse's aide Boehm handed her the defendant's clothing bag from the foot of his bed. The bag was tied with a knot, apparently by one of the aides. Stephens took the clothing bag back to the nurses's station where the officer asked her to remove the smaller bag containing the substance and give it to him. This she did, and the officer returned to the police station with the contraband.

■■ Both the Illinois Constitution of 1970 and the Constitution of the United States guarantee to persons in Illinois the right to be secure from unreasonable searches and seizures. (See Ill. Const. 1970, art. I, §6, and U.S. Const., amends. IV and XIV.) However, the constitutional proscription against unreasonable searches and seizures operates only as a check upon governmental authority and does not apply to searches and seizures conducted by private individuals. (*Burdeau v. McDowell* (1921), 256 U.S. 465, 65 L. Ed. 1048, 41 S. Ct. 574; *People v. Heflin* (1978), 71 Ill. 2d 525, 376 N.E.2d 1367.) Consequently, evidence seized by a private citizen will be admissible even where it would not have been admissible had it been seized by a police agency. (*Burdeau; People v. Nunn* (1973), 55 Ill. 2d 344, 304 N.E.2d 81.) However, the fact that the evidence involved was seized by a private individual does not automatically end all inquiry since such an individual can be regarded as acting as an agent or instrument of the State "in light of all the circumstances of the case" so as to subject the seizure to constitutional guarantees. (*Coolidge v. New Hampshire* (1971), 403 U.S. 443, 487, 29 L. Ed. 2d 564, 595, 91 S. Ct. 2022, 2049; *People v. Heflin.*) Such an issue as to status is presented here, that is, whether Nurse Stephens seized the instant cannabis as a private citizen or as an agent of the police.

Defendant argues in support of his position that nurse Stephens acted as an agent of the police, that when she removed defendant's clothing bag from his room and took the contraband out and turned it over to Officer Elbert, her actions were prompted by Elbert's exercise of his authority rather than her own independent decision. Defendant emphasizes the fact that Stephens went to get the reported item immediately after the uniformed officer requested her to do so and her supervisor indicated assent to the request. Of particular significance to defendant is the absence of any intervening time between request and action to indicate that Stephens independently considered whether to accede to the officer's request so as to make the decision hers. Defendant also makes much of the concept that a uniformed officer making a request "exerts a subtle form of coercion inherent in his position of authority."

■ We do not find these considerations sufficiently weighty "in light of all the circumstances of the case" to establish that Stephens acted as an agent of the police or to support a finding that the trial court's denial of the motion to suppress on the basis that the contraband was seized by a private individual was manifestly erroneous. *People v. Connor* (1978), 57 Ill. App. 3d 607, 373 N.E.2d 684, *cert. denied* (1978), 439 U.S. 1005, 58 L. Ed. 2d 681, 99 S. Ct. 617.

Although this is not an ideal example of the typical private search case where a private individual finds some evidence, seizes it, clearly

forms an intent to turn it in and then gives the evidence directly to an officer, neither is it a situation where the evidence was actually obtained through a second search by a police officer (see *People v. Hamilton* (1979), 74 Ill. 2d 457, 386 N.E.2d 53).

There is no question but that the cannabis was initially discovered in a purely private search. The crucial question, however, is whether the nurses' acts in obtaining the contraband a second time and turning it over to Officer Elbert should be attributed to the government because they followed a request for the item by the officer. We find that they should not.

In *People v. Heflin* (1978), 71 Ill. 2d 525, 539, 376 N.E.2d 1367, 1376, our supreme court noted that participation by the police in a search conducted by a private individual does not in and of itself invoke the application of the constitutional guarantees against unreasonable governmental intrusion, and held that a specific police request for several items of evidence did not make the private individual's subsequent acts those of the government where there was no evidence of unreasonable police conduct or coercive influence over the private individual.

In the present case, as in *Heflin*, there is no evidence of unreasonable police conduct or coercive influence over the private individuals who turned over the defendant's possession to the police. Consequently, the cannabis was not inadmissible since it could not have been obtained at the expense of defendant's constitutional rights.

The police were merely responding to a private citizen's call which indicated that they had discovered a bag that might contain cannabis on a patient. The testimony of Sergeant Wheeler indicated that the police interpreted the call as a request for them to pick up an item seized by hospital personnel. For that reason, the officer who was dispatched to the hospital did not go there to conduct a search but merely to pick up the fruits of a purely private search. In view of the officer's perceived objective in going to the hospital, we can find no potential for coercive influence in his simple request for the item reported. Nor can we say in light of the actions of the nurses that since Nurse Stephens immediately fetched the cannabis upon the officer's request, she did not act independently and voluntarily seize and turn over the contraband as a private citizen. It was Stephens who decided to inform her supervisor of her suspicious find, and it was the supervisor who contacted the police with respect to the suspected cannabis. Moreover, the fact that Stephens looked to her supervisor for assent to the officer's request belies the theory that she acted as an agent of Officer Elbert.

Defendant's final contention is that he was denied a fair trial when the trial court permitted a witness whose name and address had not been

disclosed by the State in response to defendant's motion under Supreme Court Rule 412 (Ill. Rev. Stat. 1977, ch. 110A, par. 412) to testify at trial. We disagree.

The witness defendant complains of was Michael Galco, a forensic scientist, whose testimony established the identity of the substance as cannabis and completed the chain of custody of the cannabis exhibit.

■■ The rules with respect to the admission of testimony by unlisted witnesses are well established:

"Where the State has failed to comply with discovery requests prior to trial, it is within the sound discretion of the trial court to admit testimony of unlisted witnesses (*People v. Steel* (1972), 52 Ill. 2d 442, 288 N.E.2d 355)[,] * * * and the admission of such evidence does not constitute error absent a showing by the accused of resulting prejudice and surprise [citations]. Surprise or prejudice is not established where defendant has failed to take advantage of an opportunity to interview the unlisted witness and to seek a continuance for preparation purposes (*Steel*) * * *. *People v. Dees* (1977), 46 Ill. App. 3d 1010, 1019, 361 N.E.2d 1126, 1132.

■■ For several reasons, we find that defendant was not surprised or prejudiced by the admission of Galco's testimony. First, we note that when defendant was advised that Galco would testify he neither asked to interview him nor for a continuance for preparation. As stated above, such omissions are sufficient in and of themselves to preclude a finding that defendant was prejudiced or surprised by the calling of a witness.

In addition, there are other circumstances which refute a claim of surprise or prejudice. Atlhough it is true that Galco was not listed in either of the State's two discovery disclosures, defendant cannot be said to have been totally surprised by Galco's testimony. His attorney a month before trial participated in a hearing for continuance of trial dates on a motion by the State which was based on the unavailability of Galco who was described as being essential to the State to establish the character of the substance reported to be cannabis and the chain of custody of the material. Moreover, since defendant was aware that the State would present an expert to establish the identity of the substance, he was not surprised by the content of Galco's testimony but, at most, by its source. Under such circumstances, we would be unwarranted in finding that defendant was prejudiced by the admission of Galco's testimony.

For the foregoing reasons, we affirm the judgment of the circuit court of Shelby County.

Affirmed.

KARNS and KASSERMAN, JJ., concur.