THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
DENISHA BARBER *et al.*, Defendants-Appellees.

Second District    Nos. 79-824, 79-828 cons.

Opinion filed March 27, 1981.—Rehearing denied May 4, 1981.

William E. Sislar, State's Attorney, of Freeport (Edward N. Pietrucha, Assistant State's Attorney, and Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mary Robinson and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

The State appeals from an order of the trial court granting defendants' motions to quash a search warrant and suppress evidence.

The search warrant at issue set forth the following facts, in pertinent part: on September 26, 1979, detectives of the Freeport police department approached the landlord/owner of the apartment in which defendants resided. The officers informed the landlord, Mr. James A. Jeremiason, that defendant Flanigan was a suspect in several thefts and the officers had received information that defendants were presently located in Missouri. Jeremiason indicated that Flanigan was three weeks behind in his rent. The officers then asked Jeremiason to go to the apartment in order to determine if defendants had moved out without notification. Jeremiason was advised that the officers would meet him at the apartment at 11 a.m.

Upon arrival at the apartment the officers found Jeremiason inside the apartment. He invited the officers inside, at which time they observed several items which fit descriptions of items taken in recent burglaries.

The search warrant was issued and executed the next day and items believed to be stolen goods were seized. Defendant, Flanigan, was charged by information with three counts of burglary and three counts of theft (Ill. Rev. Stat. 1979, ch. 38, pars. 19—1 and 16—1.) Defendant, Barber, was charged with two counts each of burglary and theft. Both defendants filed pretrial motions to quash the search warrant and suppress the evidence seized.

The trial court concluded that Jeremiason had become an agent of the police officers and the search was, therefore, illegal. The evidence seized pursuant to the search warrant was suppressed. This appeal followed.

The State urges that the landlord entered the apartment without direction and outside the presence of the police on his own initiative. It contends that this action constituted a private search, outside the scope of the fourth amendment.

■■ The constitutional proscription against unreasonable searches and seizures does not apply to searches or seizures conducted by private individuals. (*Burdeau v. McDowell* (1921), 256 U.S. 465, 65 L. Ed. 1048, 41 S. Ct. 574; *People v. Heflin* (1978), 71 Ill. 2d 525, 376 N.E.2d 1367, *cert. denied* (1979), 439 U.S. 1074, 59 L. Ed. 2d 41, 99 S. Ct. 848.) The Supreme Court has stated that a search conducted by a private individual will be subject to constitutional guarantees when the individual conducting the search can be regarded as acting as an agent or instrument of the State "in light of all the circumstances of the case." *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 487, 29 L. Ed. 2d 564, 595, 91 S. Ct. 2022, 2049;

*People v. Heflin*; *People v. Clements* (1980), 80 Ill. App. 3d 821, 400 N.E.2d 483.

Participation by the police, in and of itself, does not automatically invoke the application of fourth amendment guarantees. Thus, in *Coolidge v. New Hampshire* such protection was not found to exist where, in response to a query by the police as to whether her husband had any guns at home, Mrs. Coolidge, defendant's wife, took four guns out of a bedroom closet and handed them to the officers. The court concluded that the fact that the search may have been prompted by the police inquiry was not critical. The court placed emphasis on the fact that the police did not intend to search or to seize any of defendant's possessions before the wife offered them and on the independent decision of Mrs. Coolidge to turn over her husband's possessions to the police. Accord *People v. Heflin*.

■■ A search will be subject to fourth amendment restrictions if it is a "joint endeavor," involving both a private person and a government official (*Corngold v. United States* (9th Cir. 1966), 367 F.2d 1; *Stapleton v. Superior Court* (1968), 70 Cal. 2d 97, 447 P.2d 967, 73 Cal. Rptr. 575; *State v. Scrotsky* (1963), 39 N.J. 410, 189 A.2d 23; see W. LaFave, Search and Seizure § 1.6 (1978)), such as when a detective and a victim of a theft enter a suspect's apartment together to retrieve stolen goods (*State v. Scrotsky*) or where a shipper's employees open a package placed with the shipper at the instigation of a customs agent who is seeking evidence of criminal conduct. *Corngold v. United States*.

■■■ In the same vein, the courts have held that the government official need not be involved in the search at the outset. It is immaterial whether the government official originated the idea or joined in it while the search was in progress, and it is sufficient that the official was involved before the object of the search was completely accomplished. (*Lustig v. United States* (1949), 338 U.S. 74, 93 L. Ed. 1819, 69 S. Ct. 1372; *United States v. Ogden* (9th Cir. 1973), 485 F.2d 536.) Furthermore, it is not necessary that the officer directly participate in the illegal entry. Sufficient government involvement would exist where the officer was standing by giving tacit approval to the entry made by a private person. *State v. Becich* (1973), 13 Ore. App. 415, 509 P.2d 1232; *Moody v. United States* (D.C. App. 1960), 163 A.2d 337.

■■ In the instant case, the officers had arranged to meet with the landlord at defendants' apartment at 11 a.m. They had previously requested that the landlord enter the apartment, and the mere fact that he did so several minutes prior to their arrival does not negate the conclusion that he was acting as their agent. *Coolidge* is distinguishable in that there the officers had no intention of searching the defendant's home when they entered it.

In the case at bar, we can think of no other reason for the police officers' presence when the landlord checked whether defendants had moved but their intent to avail themselves of an opportunity to search for the stolen goods.

Therefore, we must affirm the trial court's granting of the motion to quash the search warrant and to suppress the evidence.

Affirmed.

VAN DEUSEN and NASH, JJ., concur.