**The People of the State of Illinois, Plaintiff-Appellee, v. John Sisti, Defendant-Appellant.**

**Gen. No. 10,821.**

Fourth District.

October 13, 1967.

A. Mark Rabin, of Springfield, for appellant.

Robert E. Utter, State's Attorney of Brown County, of Mt. Sterling, for appellees.

TRAPP, J.

Defendant was found guilty following a jury trial upon a complaint charging the offense of obscenity in violation of chapter 38, § 11–20(3) (Ill Rev Stats, 1965). His post-trial motion was denied and he appeals his conviction and sentence to a penal institution other than the penitentiary for a period not to exceed one year, and to pay a fine of $1,000.

We reverse and remand for a new trial because of error in the cross-examination and purported impeachment of defendant's witness, Linda Lyttaker.

As background for the consideration of this issue, the complaint charged that certain obscene motion pictures were shown on the evening of January 22, 1966, upon the premises of defendant in the vicinity of LaGrange

Locks, Brown County, Illinois. Defendant and certain personal friends had testified that the premises were of the nature and quality of a "family place," where some garden was grown and the family and its friends repaired to the two-story house for weekends, or summer living.

The direct examination of defendant's witness, Linda Lyttaker, was limited to testimony that she was present on the date the offense was charged, by invitation of defendant's son, and that she did not see any of the alleged obscene film described in evidence there that evening, and that she did not see any motion picture projector or screen. Upon cross-examination by the State's Attorney she stated her age to be 17 years, that she arrived about 8:30 or 9:00 o'clock p. m. and stayed until about 10:45 p. m. when she returned home to comply with a curfew law. Her answer to cross-examination was that she had had nothing to drink on that night at the home of the defendant. No objection was made to such cross-examination. She was further cross-examined as to the identities of persons who were, or might have been, present and was then asked, "Have you ever seen any teenagers drink alcoholic liquor there?" Defendant's counsel objected that the offense of sale or gift of liquor to minors was not charged and moved the court to instruct the jury to ". . . forget that question." The State's Attorney urged that such question was impeachment of defendant's testimony that the premises were a "family place" and the trial court overruled the objection and instructed the witness to answer. She answered that she had not seen any teenagers drink liquor in the Sisti home. The State's Attorney then asked her whether or not she had made a statement to the Sheriff on February 16, 1966, in which she answered "Yes" to the question had she ever seen teenagers drink alcoholic beverages there. Defendant's counsel objected that such matter was neither relevant nor material and that there was no charge of serving alcoholic liquor to teenagers.

110

The State's Attorney insisted that he was impeaching the defendant's testimony about the "family place," and that he was impeaching the witness. The State presented rebuttal testimony of the Sheriff in which he said that on February 16, 1966, he had asked the witness if she had ever seen teenagers drink alcoholic beverages at the Sisti place and that she had answered "Yes." Defendant's counsel objected to the question and moved that the answer be stricken on the ground that it was not material and was improper, and that defendant was not on trial for selling or giving liquor to minors. The State's Attorney again insisted that the evidence was proper for impeachment purposes. Defendant's counsel asserted that the testimony was designed to prejudice the jury and moved for a mistrial for prejudice. Following a colloquy, defendant's counsel renewed his motion for a mistrial, which the court denied. Defendant preserved this matter in his post-trial motion.

Here the defendant argues that the cross-examination was improper as going beyond the scope of direct examination. This is true, although, such objection was not made for the record. In arguing that the State erroneously injected evidence of a separate and distinct criminal offense into the trial, defendant does not cite a statute, but presumably refers to chapter 43, § 131 (Ill Rev Stats, 1965), which makes it a misdemeanor to sell or give liquor to minors.

██ Literally taken, it might be said that the impeaching testimony only referred to drinking by teenagers upon the premises, rather than being specifically directed to a sale or gift by defendant. The record discloses, however, argument of each counsel upon the motion, both in the presence of the jury and after it was excused, in the context that defendant was providing alcoholic beverages to minors. Such unrelated offense was not admissible as (1) tending to establish the identity of the accused, (2) showing his presence at the scene of a

crime when an alibi is claimed, or (3) to prove design, motive or knowledge of the defendant where these matters are at issue. People v. Davis, 14 Ill2d 196, 151 NE2d 308.

 Cross-examination should be limited to matters upon direct examination and it is improper to ask a question for the purpose of contradicting the witness. People v. Matthews, 18 Ill2d 164, 163 NE2d 469. It is improper to cross-examine a witness upon collateral matters for purposes of impeachment. People v. Kirkwood, 17 Ill2d 23, 160 NE2d 766; Esderts v. Chicago, R. I. & P. R. Co., 76 Ill App2d 210, 222 NE2d 117.

This case requires meticulous attention to rulings upon the evidence for the record boils with contradictions and attempted impeachment. Defendant's witnesses deny that the prosecuting witnesses were present at the time and place in issue, but defendant's witnesses, in turn, were frequently impeached in at least one instance by showing conviction of crime. Defendant himself was impeached by a record of conviction. Defendant testified that the Sheriff solicited money to drop the charges, but the former's asserted corroborating witnesses were, in turn, impeached. The issue of guilt or innocence was peculiarly dependent upon the jury's determination of the credibility of the witnesses testifying in the case.

 Where the evidence in a criminal case is erroneously admitted, such error is presumed to affect the result unless the evidence is such that there is no other conclusion than that of guilt. People v. Hannon, 381 Ill 206, 44 NE2d 923; People v. Rogers, 348 Ill 322, 180 NE 856; People v. McCasle, 35 Ill2d 552, 221 NE2d 227. Here, the cross-examination and impeachment upon an issue collateral to the offense charged is prejudicial. Under the contradictory facts in the record, we follow the rule of McCasle and Hannon.

The prosecution argues that the testimony concerning drinking by minors was relevant to the prosecution under

the Obscenity statute, apparently having in mind the language of the statute providing that evidence shall be admissible to show the character of the audience to which the material was directed. Such theory was not presented to the trial court as justification for the cross-examination and impeachment. The State's Attorney did not attempt to present such evidence by his witnesses presented in chief, or in rebuttal. Finally, the question was improper and prejudicial in that the witness was asked, not as to alleged drinking by minors upon the date of the offense charged, but in language, "Have you ever seen teenagers drink there?" In People v. Battle, 24 Ill2d 592, 182 NE2d 713, the court noted that even if evidence of a single sale of narcotics might have been admissible to show motive for murder, there was no justification for introducing evidence as to numerous other sales of narcotics.

■ As to the State's evidence that the testimony at issue was designed to impeach evidence in behalf of the defendant as to the nature of the "family place," the witness, Lyttaker, made no attempt to characterize the premises in such fashion, and she was asked no questions concerning them. It is true that the State's Attorney could introduce the testimony of witnesses contradicting the evidence characterizing defendant's premises as a "family place." This is one form of impeachment. Gard, Illinois Evidence Manual, Rule 482. The record discloses extensive rebuttal evidence offered by the State, but no witnesses were called upon this issue.

Certain constitutional questions are argued. Defendant urges that he was deprived of a fair trial by reason of newspaper articles published within the County. The record discloses that there was no motion for change of venue, no motion for continuance because of the publicity, no challenge to the panel of jurors, no challenges of jurors for cause that were denied and no exhaustion of peremptory challenges. The issue was not raised until after

conviction. See cases annotated to Rideau v. Louisiana, 10 L Ed2d 1243. Defendant's argument set out in the record suggests that the jurors were freely interrogated concerning prejudice. See People v. Cox, 74 Ill App2d 342, 220 NE2d 7 and Sheppard v. Maxwell, 16 L Ed2d 600, where appropriate interrogatories were refused.

■ Defendant argues violation of constitutional rights of freedom of speech in that there was no sufficient proof that the motion pictures were obscene. The trial proceedings were concerned exclusively with the issue of whether the pictures were shown. This constitutional issue was not raised during the trial or in the post-trial motion, and they are not properly raised for the first time on appeal.

Judgment of conviction is reversed and the cause remanded for a new trial.

CRAVEN, P. J. and SMITH, J., concur.