THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARK MUSGRAY, Defendant-Appellant.

Second District (1st Division)   No. 75-44

Opinion filed March 30, 1976.

Frank Wesolowski, Public Defender, of Wheaton (Robert Heise, of counsel), for appellant.

John Bowman, State's Attorney, of Wheaton (Malcolm Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, Mark Musgray, was convicted of armed robbery (Ill. Rev. Stat. 1973, ch. 38, par. 18—2(a)) after a jury trial and sentenced to 5-10 years in the penitentiary. He appeals, contending that he was not proved guilty of accountability for the crime beyond a reasonable doubt; that the court abused its discretion in failing to grant his motion for a mistrial based on violation of discovery rules by the State; and, alternatively, that the sentence was excessive.

The armed robbery took place at the Itasca Holiday Inn on March 28, 1974. The victims testified that a woman, later identified as Susie Williams, entered their car parked in front of the Inn and took a watch and a silver money clip containing $18 in cash from them at gunpoint. The victims testified that Susie Williams pointed toward the parking lot and told them that there was "a car full of boys" with her and that they should not try anything.

Susie Williams, co-defendant, whose trial had been severed, testified as a State's witness. She related that she was in defendant's car which was parked at the Itasca Holiday Inn; that defendant threatened her, directed her to commit the armed robbery and furnished the gun which she used; and that she robbed the victims of a watch, a money clip, and some cash.

She testified that she turned all of this over to Musgray after the robbery.

The arresting officers testified that they apprehended a vehicle containing a woman matching the description of Susie Williams given by the victims shortly after the robbery. Defendant was driving the car with another male youth as a passenger. Approximately $122 in cash was found on the person of the defendant. The money clip (with no bills in it) was found on the floor in the back of the vehicle. The record discloses that the watch was later found, but it does not give the circumstances. The revolver was found on the person of Susie Williams but no money or valuables were found on her.

Defendant testified that Miss Williams asked him to stop at the Holiday Inn without disclosing her purpose and that he did not know of the armed robbery until the police interrogation.

The defendant's claim that proof was insufficient to prove his guilt beyond a reasonable doubt on an accountability theory, rests partially on the fact that the cash found on his person, which he accounted for in his testimony, was not determined to include the $18 taken in the robbery by any specific proof; and on the fact that the watch and the money clip were not found on his person. His principal contention, however, is that the testimony of Susie Williams is so inconsistent and biased that it must be concluded that it was in exchange for the negotiation of a reduced charge in her case and should be disregarded. He reasons that without her testimony there is a mere showing that he was present at the scene when the crime was committed with no proof that he aided and abetted in the perpetration of the robbery.

■■ We are not so persuaded, however, on the whole record. The proof was sufficient to support a finding by the trier of the facts that the alleged accomplice's testimony was true. The fact that the accomplice was a self-confessed criminal and had an expectation of leniency does not of itself raise a reasonable doubt of guilt. (*People v. Farnsley*, 53 Ill. 2d 537, 545 (1973); see also *People v. DeBartolo*, 24 Ill. App. 3d 1000, 1004 (1975).) The credibility of the witness's testimony was for the jury to determine and their verdict will not be disturbed on review on that issue unless it is necessary to prevent an apparent injustice. (*People v. Ross*, 41 Ill. 2d 445, 457 (1968); *People v. Coleman*, 49 Ill. 2d 565, 573 (1971).) We find no such injustice here.

■■ Defendant next contends that he was prejudiced when one of the arresting officers testified that defendant had stated to him that Susie Williams was a hitchhiker. This oral statement attributed to defendant had not been disclosed to defense counsel in answer to a discovery motion. The statement was in conflict with defendant's testimony at trial, as well as with the testimony of Miss Williams. Both said in court that they had been close acquaintances over a several-year period. The defendant contends that even though the court sustained an objection and immediately

instructed the jury to disregard this testimony, he was severely prejudiced.

Defendant argues that under the provisions of Supreme Court Rule 412(a)(ii) (Ill. Rev. Stat. 1973, ch. 110A, par. 412(a)(ii)) the oral statement was discoverable even if intended by the defendant to be exculpatory and that the State's failure to comply with the Rule requires the declaration of a mistrial as an appropriate sanction.

Clearly, the State was under the mandatory duty to disclose the oral statement attributed to the defendant by the officer. Ill. Rev. Stat. 1973, ch. 110A, par. 412(a)(ii). See also *People v. Rand,* 29 Ill. App. 3d 873, 876 (1975); *People v. Thompson,* 18 Ill. App. 3d 613, 616 (1974); *People v. Manley,* 19 Ill. App. 3d 365, 370 (1974).

The appropriate sanction for the State's failure to comply with the discovery rules is not necessarily to declare a mistrial, however. The court may order compliance, grant a continuance, exclude the evidence or "enter such other order as it deems just under the circumstances." Ill. Rev. Stat. 1973, ch. 110A, par. 415(g)(i).

■■ Under the circumstances an order of compliance would obviously not have helped the defendant. No continuance was requested by him. The court in its discretion ruled the statement inadmissible and ordered the jury to disregard the statement. We conclude that this was a sound exercise of discretion under the facts. A motion for a mistrial is addressed to the sound discretion of the court. (*People v. Tate,* 25 Ill. App. 3d 411, 422 (1974).) And in the absence of a showing that defendant has been prejudiced, we will not interfere with the exercise of the trial court's discretion. *People v. Dolgin,* 415 Ill. 434, 446 (1953).

■■ Defendant's further argument that the sentence was excessive is based on his contention that the "active" participant, Susie Williams, received a term of only 1-6 years to run concurrently with a pending sentence in another county and on the fact that defendant was an 18-year-old who was gainfully employed before his arrest. Defendant, however, had three prior convictions including burglary and unlawful use of weapons and had twice before been on probation. Under these circumstances we will not interfere with the sentence.

The judgment is affirmed.

GUILD, P. J., and HALLETT, J., concur.