THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLYDE LEWIS, Defendant-Appellant.

Second District    No. 79-658

Opinion filed April 7, 1981.

Mary Robinson and Marilyn Martin, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HOPF delivered the opinion of the court:

Defendant was convicted of armed violence, attempted armed robbery, and aggravated battery. He presents four issues on appeal: (1) that the trial court erred in admitting evidence and its fruits obtained in violation of the Juvenile Court Act; (2) that it was error to admit a

statement of defendant not revealed to defense counsel at the discovery stage; (3) that the prosecutor's erroneous remark during his opening statement concerning defendant served to deny defendant a fair trial; (4) that the conviction and sentence for aggravated battery must be vacated as a lesser included offense of armed violence.

We vacate the conviction and sentence for aggravated battery but affirm the conviction of armed violence and attempted armed robbery.

On May 18, 1979, Robert Irizarry, visiting with friends at his brother's garage in Waukegan, was approached by four young men. Irizarry testified that one of these young men asked him for a cigarette. When Irizarry replied that he had none, the young man pulled a gun out of his jacket, placed it near Irizarry's face, and asked for his wallet. As Irizarry reached for it, the man backed up and fired the gun, hitting one of Irizarry's hands.

On July 2, 1979, the victim was shown a photo lineup at the Waukegan police department. He picked out two photographs, both of which were of defendant. The photographs were from juvenile bureau records. The next day police called defendant in for questioning. The police photographed defendant and obtained a statement. The victim later identified this photograph as depicting his attacker. The juvenile bureau photographs and the photograph taken on July 3 were all admitted into evidence at trial.

As his first assignment of error, defendant argues that the photo identification made from juvenile bureau photographs violated the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 701—1 *et seq.*) and that the trial court should have excluded any evidence regarding that identification procedure. He adds that this identification tainted, and thus rendered inadmissible, the subsequent photo identification and his statement to police.

■■ Defendant urges the application of the exclusionary rule, with its attendant "fruit of the poisonous tree" doctrine, to this evidence. The exclusionary rule, however, is a "judicially created means of effectuating the rights secured by the Fourth Amendment." (*Stone v. Powell* (1976), 428 U.S. 465, 482, 49 L. Ed. 2d 1067, 1081, 96 S. Ct. 3037, 3047.) We recently held the exclusionary rule to be equally applicable in the sixth amendment right to counsel area. (*People v. Smith* (1980), 91 Ill. App. 3d 438, 414 N.E.2d 1281.) Application of this rule in the case of a violation of the Juvenile Court Act and evidence obtained as a consequence of that violation would be a novel remedy and one bearing no relation to the purpose of the exclusionary rule. We decline to apply it here.

At any rate, the propriety of the admission of the July 3rd photograph and statement is not subject to our review. Defendant raised no objection to their admission on the grounds he now urges at the time they were

admitted into evidence. He also did not argue this in his motion for a new trial. A reviewing court will not address issues raised for the first time on appeal. *Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322; *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

■■ Defendant's contentions regarding the propriety of the use of juvenile bureau photographs for identification purposes and the admission of those photographs at trial are properly before us, however.

Section 2—8(3) restricts the disclosure to the public of police records concerning minors.

"The records of law enforcement officers concerning all minors under 17 years of age must be maintained separate from the records of arrests and may not be open to public inspection or their contents disclosed to the public except by order of the court or when the institution of criminal proceedings has been permitted under Section 2—7 or such a person has been convicted of a crime and is the subject of pre-sentence investigation or proceedings on an application for probation." Ill. Rev. Stat. 1977, ch. 37, par. 702—8(3).

The photographs, "mug shots" of defendant, were from juvenile bureau records. No court order was obtained before they were shown to the victim, a member of the public.

We find the reasoning of the supreme court in *People v. Zepeda* (1970), 47 Ill. 2d 23, 265 N.E.2d 647, useful in our analysis of this issue. In that case, the defendant sought suppression of his confession obtained, he argued, while he was detained in violation of section 3—2 of the Juvenile Court Act. Assuming that the defendant was so unlawfully detained, the court nevertheless held that the confession was admissible. Nothing in section 3—2, nor in any other provision of the Act, imposed sanctions for an unlawful detention of a juvenile. Further, the court reasoned that an unlawful detention, of itself, does not invalidate an accused's confession or statement.

Section 2—8(3), the section of the Act pertinent to our analysis, does not impose sanctions for unlawful disclosure. Neither does any other section of the Juvenile Court Act. Moreover, there is no suggestion that the use of defendant's photograph in the photo lineup created a condition where his identification by the victim could be considered unreliable. The remedy for violation of this section of the Act does not lie in withholding at trial the fact that this photo identification of defendant was made. It was not error to permit testimony regarding this identification.

■■ The admissibility of the photographs themselves into evidence is a different matter, however. Defendant contends that section 2—9 of the Juvenile Court Act prohibits their admission into evidence. The section provides, in pertinent part:

"(1) No adjudication, disposition or evidence given in proceedings under this Act is admissible as evidence against the minor for any purpose whatever in any civil, criminal or other cause or proceeding except in subsequent proceedings under this Act concerning the same minor. * * * Neither the fact that a minor has been the subject of proceedings under this Act nor any confession, admission or statement made by him to the court or to any officer thereof before his 18th birthday is admissible as evidence against him or his interests in any other court or proceeding, except in trials of suits for libel or slander, wherein the fact, confession, admission or statement is material and relevant." Ill. Rev. Stat. 1977, ch. 37, par. 702—9.

In *People v. Christiansen* (1969), 118 Ill. App. 2d 51, 254 N.E.2d 156, we ruled that this section will preclude the admission of evidence only when defendant shows that the proffered evidence actually had been used as evidence in a juvenile proceeding. In that case we also noted that the evidence, a fingerprint card containing the defendant's fingerprints, bore no indication that it had been used in a prior juvenile proceeding.

Defendant, in the case before us, made no showing that the juvenile bureau photographs had been used in evidence in a juvenile court proceeding. Further, the photographs themselves, although "mug shots," do not show that they had been used in evidence in a juvenile court proceeding. Neither do they constitute an attestation that defendant had at one time been subject to a proceeding under the Juvenile Court Act. The trial court properly overruled defendant's objection to the admission of the photographs.

Defendant next assigns as error the rulings of the trial court concerning the statement he had given police on July 3, 1979. One of the officers testified at trial that defendant had at first denied knowledge of the incident and had claimed that he had been in Chicago at the time. This portion of defendant's statement had not been contained in the police reports submitted to defense counsel in response to a discovery order. The first time defense counsel learned of it was during the officer's testimony. The court ordered the testimony regarding that portion of defendant's statement stricken and ordered the jury to disregard it, but permitted testimony regarding the remainder of defendant's statement to continue. Later, during cross-examination of defendant, the court permitted the prosecutor to use the omitted portion of defendant's statement as a means of impeaching defendant.

Defendant makes two separate arguments. For the first part, he contends that the State's conceded discovery violation required suppression at trial of the entire statement from the prosecution's case. He argues

that the order striking testimony regarding the omitted portion of the statement and the direction to the jury to disregard that portion was insufficient sanction for violation of the discovery rules. The appropriate sanction, he argues, would have been to strike the entire statement.

■■ There is no question that the statement made to the police officers was discoverable and that sanctions were proper for the failure to disclose that portion of the statement. (Ill. Rev. Stat. 1977, ch. 110A, par. 415(g).) A trial court enjoys considerable discretion in fashioning sanctions for violation of discovery rules. A reviewing court will not disturb the trial court's ruling in the absence of a showing that defendant was prejudiced thereby. (*People v. Musgray* (1976), 37 Ill. App. 3d 48, 344 N.E.2d 708.) Defendant has not indicated the prejudice caused to him by the testimony regarding the rest of the statement. Moreover, our reading of the *in camera* hearing in the record, where the officers revealed the whole of the statement, and of the testimony which resumed after that hearing, reveals no prejudice to the defendant. Defendant does not argue that the officers' testimony regarding defendant's statements, without that portion of the statement that was stricken, was not consistent with the report counsel had received in discovery. There is no support therefore for his argument that the entire statement made by defendant at the police station should have been withheld from the jury. We conclude that the sanction imposed by the trial court was within the proper bounds of its discretion.

■■ For the second part, defendant contends that it was error to allow the prosecution to use the stricken portion of the statement to impeach defendant. Prior to the prosecutor's cross-examination of defendant he asked the court to rule whether he may be permitted to use the deleted portion of the statement in cross-examination. The court ruled that "It's wide open. I don't see how you can close it." Defense counsel then added, "Yes, I think it's there." Having failed to object during trial and to raise the issue in his post-trial motion, defendant cannot raise the issue on appeal. *Wilson v. Clark*; *People v. Pickett*.

■■ The third issue arises from the prosecutor's remark in opening argument that defendant and his companion by way of greeting, "asked [victim] and the others if they wanted to buy some grass, or marijuana." Defendant contends this comment unfairly prejudiced the jury against him.

Defense counsel did not object to this comment, nor did he raise it in his motion for a new trial. However, he argues that this court should address the issue nonetheless, on the basis of the conclusion in *People v. Romero* (1967), 36 Ill. 2d 315, 320, 223 N.E.2d 121, that "if 'prejudicial arguments are made without objection of counsel or interference of the trial court to the extent that the parties litigant cannot receive a fair trial

and the judicial process stand without deterioration, then upon review this court may consider such assignments of error, even though no objection was made and no ruling made or preserved in the trial court.' [Citations.]"

We recognize that "the prosecutor cannot comment during his opening statement what testimony will be introduced at trial and then fail to produce such testimony." (*People v. Rogers* (1976), 42 Ill. App. 3d 499, 502-03, 356 N.E.2d 413.) We also note that when narcotics use is not an issue, to raise the subject is inflammatory and may improperly affect the jury's verdict. (*People v. Novak* (1965), 63 Ill. App. 2d 433, 211 N.E.2d 554.) A suggestion that defendant sells narcotics could raise even greater feelings against defendant than merely the fact of his use of them.

We cannot conclude, however, that the prosecutor's comment was of such effect as to deny defendant a fair trial. In the first place, it is clear that the prosecutor's remark was not an accusation of drug dealing against defendant but an attempt to relate the form of greeting with which the victim and his companions were addressed. In addition, in the testimony of three witnesses—the victim, the officer to whom the victim first told his story, and defendant—it was stated that a cigarette was requested of the victim. Finally, defense counsel in his closing argument reminded the jury of the prosecutor's remark and pointed out that no evidence had supported that comment. As the comment was quite thoroughly discredited by the evidence at trial, we do not feel that the prosecutor's comments prejudiced defendant to the extent that defendant was denied a fair trial.

■■ Finally, the State concedes that the conviction and sentence for aggravated battery must be vacated as it is a lesser included offense of armed violence, for which defendant was also convicted. We agree. (*People v. McNeal* (1980), 88 Ill. App. 3d 20, 410 N.E.2d 480.) Accordingly, we vacate defendant's conviction and sentence for aggravated battery.

Affirmed in part, reversed in part.

SEIDENFELD, P. J., and UNVERZAGT, J., concur.