THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SCOTT SMITH, Defendant-Appellant.

Third District   No. 3—91—0052

Opinion filed October 16, 1991.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The trial court convicted the defendant, Scott Smith, of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(a)) and sentenced him to five years' imprisonment. The defendant appeals.

The defendant's trial was set to begin on December 7, 1990. That day, before the trial commenced, the defendant moved for a continuance. He requested the continuance because minutes earlier the State had given him a copy of a statement by Jodi Reato. The statement contradicted a statement Reato had previously given to the defense.

Reato's first statement was given to the defendant's original attorney in September of 1990. In it she indicated that she had been with the defendant the night of the burglary. She also corroborated the defendant's claim that he had been in the area of the burglary but was not involved in it.

Reato's second statement was given to the State on November 29, 1990. This time she denied being with the defendant on the night of the burglary.

The trial court denied the defendant's motion for a continuance. The defendant appeals, arguing that the trial court erred in denying his motion. We agree.

■ Supreme Court Rule 412(a) (134 Ill. 2d 412(a)) states:

"If the State has obtained from the defendant *** information regarding defenses the defendant intends to make, it shall provide to defendant not less than 7 days before the date set for the hearing or trial, or at such other time as the court may direct, the names and addresses of witnesses the State intends to call in rebuttal, together with the information required to be disclosed in connection with other witnesses *** and a specific statement as to the substance of the testimony such witnesses will give at the trial of the cause."

■ Although the trial court has discretion in allowing a rebuttal witness' testimony even without strict compliance with the discovery rule, abuse of discretion is reversible error if it prejudices the defendant. (*People v. Perez* (1991), 209 Ill. App. 3d 457, 568 N.E.2d 250.) The granting of a continuance is one way in which a failure to comply with discovery rules may be remedied. (134 Ill. 2d R. 415(g)(i); *People v. Musgray* (1976), 37 Ill. App. 3d 48, 344 N.E.2d 708.) The goal of pretrial discovery is to promote the fact-finding process and to eliminate the tactical advantage of surprise by either side. *People v. Szabo* (1977), 55 Ill. App. 3d 866, 371 N.E.2d 117.

■ In the instant case, the State called Reato as a rebuttal witness even though it had just informed the defendant about her change of position. We recognize that since Reato's second statement was taken only eight days earlier, it may have been difficult for the State to provide the defendant with a copy seven days before trial. However, we see no reason why the State had to wait until minutes before trial.

The trial court could have remedied the prejudice to the defendant resulting from the State's noncompliance with Rule 412(a) by granting his request for a continuance. Instead, the court denied his request and allowed the State to use the evidence to substantially undermine his defense. Under these circumstances, we find that the trial court abused its discretion.

Accordingly, the judgment of the circuit court of Kankakee County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

BARRY and GORMAN, JJ., concur.